UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD L MARCH, and BARBARA J. MARCH,

           Plaintiffs,

v.

COUNTRYWIDE HOME LOANS SERVICING,
et al.,

           Defendants.
           /

CASE NO. 10-12650

HON. MARIANNE O. BATTANI

### OPINION AND ORDER DISPOSING OF PENDING MOTIONS

Before the Court are Defendants BAC Home Loans Servicing, LP, Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., and Federal National Mortgage Association's (BAC Defendants) Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Doc. No. 24), Wayne County and Ralph Leggat's (Wayne County Defendants) Motion to Dismiss and for Summary Judgment Based on Fed. R. Civ. P. 12(b)(6) and 56(c) (Doc. No. 27), Defendants Trott & Trott, P.C., Ellen Coon, Brian Yoho, Jeanne N. Kivi's (Trott Defendants) Motion for Summary Judgment/Dismissal (Doc. No. 31), Plaintiffs' Motion for Leave to File Amended Complaint (Doc. No. 33), Plaintiffs' Motion to Dismiss Named Parties from Plaintiffs' Civil Action Without Prejudice (Doc. No. 35), and Plaintiffs' Motion for Declaratory Judgment Necessary to Determine the Rights of the Parties and Also Necessary to Establish the "Law of the Case" (Doc. No. 56). The Court has reviewed all the filings relevant to these motions and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons discussed below, the Court **GRANTS** Defendants' motions and **DENIES** Plaintiffs' motions to amend and

dismiss without prejudice and **DISMISSES** as moot, Plaintiffs' motion for declaratory relief.

## I.  FACTS

In 2003, Plaintiffs Ronald and Barbara March refinanced an existing mortgage loan with nonparty Countrywide Home Loans, Inc. (Doc. No. 24, Ex. B.) As security for the loan, Plaintiffs granted a mortgage on property located at 16886 Pierson Street, Detroit, Michigan to Defendant Mortgage Electronic Registration System, Inc. (MERS), as nominee for the lender. (Doc. No. 24, Ex. C.) BAC Home Loans Servicing, LP (BAC) became the servicer of the Loan. After Plaintiffs stopped making monthly payments, Countrywide retained Trott & Trott as foreclosure counsel to foreclose the mortgage by advertisements. MERS bought the Property at the January 6, 2010, foreclosure sale and subsequently transferred its interest in the Property to Defendant Federal National Mortgage Association (FNMA) by quit claim deed. (Doc. No. 24, Ex. D.) The redemption period expired on July 6, 2010, and Plaintiffs did not redeem the property. Instead, they filed suit on July 2, 2010, seeking to rescind the loan. In their complaint, Plaintiffs allege that Defendants violated state and federal law during the course of the foreclosure.

After Defendants filed their dispositve motions, Plaintiffs requested leave to amend their complaint (Doc. No. 33), and filed their request to have certain defendants dismissed without prejudice. (Doc. No. 35.) In their request to dismiss certain defendants with prejudice, Plaintiffs requested the "immediate dismissal" of Trott & Trott, Ellen Coon, Brian Yoho and Mortgage Electronic Registration System, Inc., and its employee Jeanne M. Kivi, in her private capacity," (Doc. No. 35, ¶ 2.), leaving only Defendants "Countrywide Home Loans Servicing, LP/BAC Home Loan Servicing, LP, County of Wayne, and Federal

National Mortgage Association." (Doc. No. 35, ¶ 3.) According to Plaintiffs, dismissal would streamline the litigation. (Doc. No. 35, ¶ 1.)

Before the Court ruled on the pending motion to amend the complaint, Plaintiffs filed an amended complaint that omitted the claims against those Defendants identified in the pending request for dismissal of certain defendants. Finally, Plaintiffs filed a Motion for Declaratory Judgment Necessary to Determine the Rights of the Parties and Also Necessary to Establish the "Law of the Case." (Doc. No. 56.)

## II. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." FED. R. CIV. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not

a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

## III. ANALYSIS

Plaintiffs allege that BAC Defendants violated the Truth in Lending Act (TILA), the Real Estate Settlement Procedures Act (RESPA), and the Fair Debt Collection Practices Act (FDCPA). Plaintiffs allege that the Trott Defendants committed fraud during the foreclosure process, and violated the Fair Debt Collection Practices Act (FDCPA). (Compl., ¶¶ 22-24, 27, 28, 33, 34, 37.) They allege that Wayne County Defendants likewise violated state and federal law during the foreclosure and sale of their home. Specifically, Plaintiffs contend that Leggat is a civil employee, who executed the sheriff sale in violation of state statute, which requires a sheriff, undersheriff, or a deputy sheriff to conduct the sale. (Compl., ¶ 32.) The merits of the motions are discussed below.

### A. BAC Defendants

#### 1. TILA claim

Congress enacted TILA to facilitate "the informed use of credit by consumers by requiring meaningful disclosure of credit terms." Barrett v. JP Morgan Chase Bank, N.A., 445 F.3d 874, 875 (6th Cir. 2006) (citation and internal punctuation omitted). According

4

to Plaintiffs, TILA was violated because they did not receive notice of the right to cancel the loan at closing, and did not receive copies of their mortgage documents three days prior to the closing. BAC Defendants raise a number of shortcomings with the TILA claim. Because BAC Defendants' statute of limitations argument is dispositive, the Court directs its attention to whether Plaintiffs' requests for rescission of the loan and for money damages are time-barred.

A TILA action must be brought within one year of the date of the occurrence of the violation. See 15 U.S.C. §1640(e). Although Plaintiffs signed their mortgage loan documents on June 2, 2003, they waited more than seven years, until July 2, 2010, to file their action. (See Doc. No. 24, Exs. B, C.) Therefore, even if the claim pleaded were viable as to BAC Defendants, it was filed too late. Likewise, TILA includes a right to rescind a transaction. That right concludes "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosure required under this part have not been delivered to the obligor. . . ." 15 U.S.C. § 1635(f). Again Plaintiffs simply filed too late. Accordingly, relief is unavailable under TILA.

### 2. RESPA Claims

Plaintiffs claim BAC Defendants violated the Real Estate Settlement and Procedures Act of 1974 (RESPA), 12 U.S.C. § 2605(e). Specifically, under RESPA, following receipt of an inquiry, the servicer shall investigate the inquiry and then either provide the borrower with the information requested or explain why it cannot be provided. 12 U.S.C. § 2605(e)(2)(C)(i). If a loan servicer fails to comply and the borrower suffers

5

actual damages, § 2605(f) provides for remedies.

Plaintiffs allege that BAC Defendants failed to respond to the qualified written request (QWR), they sent on April 28, 2008, by certified mail, with a receipt number of 7003 3110 0004 2542. (Compl., ¶ 15.) Plaintiffs attach a confirmation of delivery from the United States Postal Service to their complaint.

BAC Defendants note that the confirmation of delivery shows that the QWR was delivered on July 16, 2008, in Louisville, Kentucky. (Id.) Because BAC is located in Dallas, Texas, BAC Defendants conclude that Plaintiffs' claim fails.

The Court agrees there is no evidence to support Plaintiffs' claim, and they have not responded to the merits of the argument. In addition, Plaintiffs failed to plead the existence of actual damages, a required element under 12 U.S.C. § 2605. Accordingly, Plaintiffs' claim that BAC Defendants violated the RESPA by failing to respond to their qualified written request (QWR) fails as a matter of law.

### 3. FDCPA claims

The FDCPA, 15 U.S.C. § 1692 et seq., governs the conduct of debt collectors attempting to collect debts. Plaintiffs allege that BAC Defendants failed to respond to their request to validate the debt, continued to declare their debt to be in default, and proceeded with the foreclosure process. (Compl., ¶¶ 16, 18.) According to BAC Defendants, the allegations in Plaintiffs' complaint assert no claim against them because the complaint never identifies them as debt collectors, and it is time-barred.

It is undisputed that Plaintiffs sent their debt validation request on June 24, 2008. It is undisputed that Plaintiffs filed their lawsuit on July 2, 2010. Under section 1692k(d),

Plaintiffs needed to file their claim within a year of the occurrence of a violation. Because Plaintiffs filed their action more than two years later, they fail to state a claim for which relief may be granted.

In their response, Plaintiffs do not contest any of the arguments or evidence presented by BAC Defendants. Instead, they ask the Court to view their proposed amended complaint. "Plaintiffs rely on this Court's discretion, case law and the Court Rules which support their position regarding the issues in this case, which will require the Court or the Judge to decide." (Doc. No. 29, p. 2.)

Leave to amend a pleading shall be freely given "when justice so requires." FED. R. CIV. P. 15(a). Factors that may affect that determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment. Head v. Jellico Hous. Auth., 870 F.2d 1117, 1123 (6th Cir. 1989).

The Court has reviewed Plaintiffs' claims on the merits, and finds that amendment of the complaint would be futile. Accordingly, the request is denied.

**B. Trott Defendants**

The Court finds Trott Defendants also are entitled to dismissal. Plaintiffs never dispute that dismissal is warranted, only whether it should be granted without prejudice. In their response to the motion, Plaintiffs acknowledge that their proposed amended complaint omits Trott Defendants because "the primary harm complained of by Plaintiffs in this case occurred well in advance of the law firm's involvement. . .which was secondary." (Doc. No. 41, p. 2.) Nevertheless, Plaintiffs oppose the motion. The basis

of their opposition follows:

> Plaintiffs are of the view that Trott & Trott took its marching orders from its servant, Fannie Mae, Countrywide and BAC Home Loans Servicing, LP, and was not the initiator of the original harm. Thus, summary disposition is not warranted in such a case as this, where Plaintiffs are seeking to dismiss this Defendant, and who have stated grounds in their motion justifying that party's dismissal from this action, as demonstrated in Plaintiffs' revised complaint which no longer includes Trott & Trott as a party in their complaint. For these reasons, Plaintiffs are requesting that said Defendants' request for relief be denied, in as much as their dismissal from this action effectively resolves any remaining issues as between them and the Plaintiffs in this case.

(Doc. No. 41, p. 3.)

The Court declines to condone Plaintiffs' strategy to contest dismissal with prejudice. Plaintiffs' response raises no genuine issue of material fact relative to the evidence advanced by Trott Defendants in their motion. In their complaint, Plaintiffs allege that Trott Defendants failed to respond properly to a Notice of Dispute letter dated November 3, 2008. They allege that Trott Defendants violated due process in foreclosure by advertisement because the mortgage did not contain a power of sale clause, and Trott Defendants drafted a fraudulent quit claim deed given the violations committed during the foreclosure process.

The mortgage explicitly provides for the power of sale. (Doc. No. 31, Ex. B.) Further, Trott Defendants have provided the response they sent to Plaintiffs after receipt of Plaintiffs' November 3, 2008, letter. (Doc. No. 31, Ex. E, F.) In addition, the Court is satisfied that even if the response was insufficient, the validation request was made November 3, 2008, and the action was not filed until July 2, 2010. The FDCPA requires that an action be brought within one year of the date of the occurrence of the violation.

15 U.S.C. § 1692k(d). Consequently, Plaintiffs filed their claims too late.

To the extent that Plaintiffs have alleged a claim of fraud, the Court finds it does not meet the federal pleading requirements set forth in Rule 9(b). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Even if the Court reads the rule liberally, Plaintiffs must "at a minimum, to allege the time, place, and content of the alleged misrepresentation on which [they] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." Coffey v. Foamex L.P., 2 F.3d 157, 161-62 (6th Cir. 1993) (quotation omitted). Plaintiff's broad and conclusory allegations fail to state a claim for fraudulent or negligent misrepresentation with the particularity required by Rule 9(b). Plaintiffs cannot merely recite a statute, claim it has been violated, and expect to survive a motion to dismiss. See Twombly, 550 U.S. at 564. Accordingly, the Court grants Trott Defendants' request for dismissal.

### C. Wayne County Defendants

In their complaint, Plaintiffs allege that the Special Deputy who conducted the sheriff's sale, Defendant Leggat, was not appointed properly. Their allegations are undermined by the evidence submitted by Wayne County Defendants. Specifically, Wayne County Defendants have provided the appointment, by the sheriff, of Leggat to "act as auctioneer to hold all Sheriff's sales, issue deed; adjourn Sheriff's sales and perform related work. . . ." (Doc. No. 27, Ex. 1.) Plaintiffs' failure to contest this evidence shows no genuine issue of material fact exists.

In addition, in Imperial Const. Co., Inc. v. Independent Bank, No. 295728, 2011 WL

923553 (March 17, 2011), the appellate court rejected an argument that a special deputy could not conduct a sheriff's sale. At the outset, the Imperial court noted that a foreclosure sale is not to be set aside absent "a strong case of fraud or irregularity, or some peculiar exigency." Id. It based its reasoning on Detroit Trust Co v. Agozzinio, 280 273 NW 747, 748 (Mich. 1937), in which the Michigan Supreme Court held:

> When property is exposed for sale under a judicial decree, and offered to the highest bidder, and the sale is without fraud, and is fairly conducted, after proper notice, and is struck off to a third person, it will require a strong case, and some peculiar exigency, to warrant a court in setting it aside.

The appellate court concluded the reasoning was applicable to a foreclosure by advertisement of a mortgage containing a power of sale. Because the applicable statutes supported the propriety of the foreclosure by advertisement, the Imperial Court rejected the challenge to the foreclosure.

This Court agrees with the analysis. Notably, under MICH. COMP. LAWS § 51.70, the sheriff is authorized to "appoint 1 or more deputy sheriffs at the sheriff's pleasure," and the statute further provides that "[p]ersons may also be deputed by a sheriff, by an instrument in writing, to do particular acts, who shall be known as special deputies."

In this case, Leggat was appointed, and served, as a "special deputy," with the power to conduct foreclosure sales. His appointment as a "special deputy" complies with § 51.70 because he was appointed by "by a sheriff" and "by an instrument in writing." Because the documents offered in support of the appointment of Special Deputy Leggat demonstrate there is no genuine issue of material fact, the Court concludes that he was acting within the scope of his duties and during the term of his appointment.

Moreover, under Michigan law, the sale complied with MICH. COMP. LAWS §

600.3216, which allows a sheriff to conduct the sale. In reading that provision with § 51.70, it is clear to this Court that the sheriff is free to delegate authority to special deputies to perform those "particular acts" that the sheriff himself is authorized to perform. Accordingly, Plaintiffs have failed to show the requisite "strong case of fraud or irregularity, or some peculiar exigency," so as to overturn the foreclosure sale. Sweet Air Investment, Inc. v. Kenney, 739 N.W.2d 656, 659 (Mich. Ct. App 2007) (citation omitted).

## IV. CONCLUSION

In light of the Court's finding that all Defendants are entitled to dismissal, Plaintiff's motion for leave to amend their complaint is futile. Further, Defendants are entitled to dismissal with prejudice. Accordingly, the Court **GRANTS** Defendants' motions, **DENIES** Plaintiffs' Motion to Amend, and Plaintiff's Motion to Dismiss Certain Named Parties from Plaintiffs' Civil Action Without Prejudice, and **DISMISSES** as moot, Plaintiffs' Motion for Declaratory Judgment.

**IT IS SO ORDERED.**

                                    s/Marianne O. Battani
                                    MARIANNE O. BATTANI
                                    UNITED STATES DISTRICT JUDGE

Date: May 11, 2011

**CERTIFICATE OF SERVICE**

     I hereby certify that on the above date a copy of this Order was served upon Plaintiff's via ordinary U.S. Mail and to Counsel for the Defendants' electronically.

                                                   s/Bernadette M. Thebolt
                                                 Case Manager