UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD L MARCH, and BARBARA J. MARCH,

           Plaintiffs,

v.

COUNTRYWIDE HOME LOANS SERVICING, et al.,

           Defendants.
                                                      /

CASE NO. 10-12650

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING MOTION FOR RELIEF
FROM JUDGMENT/MOTION FOR RECONSIDERATION**

      Before the Court is Plaintiffs Ronald and Barbara March's Motion for Relief From Judgment/Motion for Reconsideration (Doc. No. 64.) The Court has reviewed all the filings relevant to this motion and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **DENIES** Plaintiffs' motion.

**I. FACTS**

      In 2003, Plaintiffs Ronald and Barbara March refinanced an existing mortgage loan with nonparty Countrywide Home Loans, Inc. (Doc. No. 24, Ex. B.) As security for the loan, Plaintiffs granted a mortgage on property located at 16886 Pierson Street, Detroit, Michigan to Defendant Mortgage Electronic Registration System, Inc. (MERS), as nominee for the lender. (Doc. No. 24, Ex. C.) After Plaintiffs stopped making monthly payments, Countrywide retained Trott & Trott as foreclosure counsel to foreclose the mortgage by advertisements. MERS bought the Property at the January 6, 2010,

foreclosure sale and subsequently transferred its interest in the Property to Defendant Federal National Mortgage Association (FNMA) by quit claim deed.  (Doc. No. 24, Ex. D.) The redemption period expired on July 6, 2010, and Plaintiffs did not redeem the property. Instead, they filed suit on July 2, 2010, seeking to rescind the loan.  In their complaint, Plaintiffs allege that Defendants violated state and federal law during the course of the foreclosure.

After Defendants filed their dispositve motions, Plaintiffs requested leave to amend their complaint (Doc. No. 33), and filed their request to have certain defendants dismissed without prejudice, including MERS. (Doc. No. 35.)  Before the Court ruled on the pending motion to amend the complaint, Plaintiffs filed an amended complaint that omitted any claims against MERS.  On May 11, 2011, the Court entered Judgment for Defendants, including MERS.

## II.  STANDARD OF REVIEW

Under the local rules, a motion for reconsideration must be filed within fourteen days of the entry of the order being challenged.   E.D. Mich. L.R. 7.1(h)(1).  Plaintiff's motion, which was filed after the deadline, seeks relief under Rule 60(b).  Rule 60 does not impose the fourteen day time requirement; it merely requires that a Rule 60(b)(6) motion be made "within a reasonable time" and that a motion under Rule 60(b)(2) be made no more than a year after the entry of the challenged order or judgment. Fed. R. Civ. P. 60(c)(1).  Here, Plaintiffs brought their motion within the time specified in the Rule.

Under Rule 60(b)(2), the court may relieve a party from final judgment based on "newly discovered evidence, that with reasonable diligence, could not have been

discovered in time to move for a new trial under Rule 59(b)." Rule 59 gives a party twenty-eight days to file a motion to alter or amend a judgment.

Rule 60(b)(6) authorizes the court to relieve a party for "any other reason that justifies relief."

## III. ANALYSIS

To prevail under Rule 60(b)(2), a party must demonstrate "that it exercised due diligence in obtaining the information" and that "the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th Cir. 1998) (internal quotation marks and citation omitted). The rule is inapplicable to the ground upon which Plaintiffs move for relief–a newly decided case interpreting the Michigan foreclosure statute.

The basis of Plaintiffs' motion is the decision in Residential Funding Co. v. Saurman, __ Mich. App. __, 2011 WL 1516819 (Apr. 21, 2011) (holding MERS may not foreclose by advertisement). They argue that this Court's dismissal of MERS before the Supreme Court rules on an appeal of the Residential Funding Co. decision is unfair to Plaintiffs. The Court disagrees.

In Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F>3d 519, 524 (6th Cir. 2001), the Sixth Circuit stated that "pubic policy favoring finality of judgments and termination of litigation" circumscribes awards of relief under Rule 60(b). It added, "This is especially true in an application of subsection(6) of Rule 60(b), which applies 'only in exceptional circumstances which are not addressed by the first five number clauses of the Rule.'" Id. (citation omitted). Consequently, Plaintiffs must show

the circumstances here are "unusual and extreme" and that "principles of equity mandate relief." Id.

At most, Plaintiffs have presented case law from the state appellate court that supports a claim they never made in their complaint or proposed amended complaint. This showing does not trump the important policy interest in the finality of judgments. Moreover, under Michigan law, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished. See Piotrowski v. State Land Office Bd., 4 N.W.3d 514 (1942); Overton v. Michigan Elec. Reg. Sys., No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009). Consequently, Plaintiffs lack standing to challenge their foreclosure under Residential Funding, where here, the statutory redemption period has expired, and the circumstances to not fall within the recognized exceptions to challenge a foreclosure after the redemption period expires.

## IV. CONCLUSION

Accordingly, Plaintiffs' motion is **DENIED.**

**IT IS SO ORDERED.**

              s/Marianne O. Battani
              MARIANNE O. BATTANI
              UNITED STATES DISTRICT JUDGE

Date: July 12, 2011

### CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed to and/or electronically filed to Plaintiffs and counsel of record on this date.

              s/Bernadette M. Thebolt
              Case Manager